IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA



RAYMOND HOLLOWAY, JR., : Case No. 1:17-cv-00081-CCC
:
   Plaintiff :
:
v. : Hon. Christopher C. Conner
:
JEFFERSON B. SESSIONS III, *et al.* :
:
   Defendants. :

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order has been entered by the Court.

1.    <u>Protectable Information.</u> Information within or derived from the following categories of information constitutes "Protectable Information": (a) documents containing personally identifiable information, such as social security numbers, birth dates, home addresses, email addresses, and non-public telephone numbers; (b) documents filed under seal in other courts proceedings; (c) mental health records; (d) any records concerning criminal charges against Plaintiff Raymond Holloway subject to expungement as a matter of law.

2.    <u>Designation of Protected Information.</u> For Protectable Information to be subject to this order, the party producing the Protectable Information shall stamp or otherwise affix the following label to documents containing such information: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." For Protectable Information stored in a medium that makes such

stamping impracticable (such as computer data), the casing, housing, and/or accompanying letter producing that information shall be stamped or otherwise indicate that the media is "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Portions of depositions, sworn statements, or other discovery responses containing Protectable Information shall be subject to this order if, within 14 days of the transcription of such information, a counsel for a party (1) identifies these portions by page number, and where applicable line, paragraph, or response number, as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and (2) provides notice to all persons in known custody of such information of such designation. All Protectable Information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" as well as information copied or derived therefrom constitutes "Protected Information" for purposes of this order. Information that a party has previously disclosed publicly generally should not be protected by that party under this Protective Order. Should the non-producing party identify information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that it believes is public in nature such that the Protective Order should not apply, the non-producing party should bring that to the attention of the producing party and meet-and-confer before seeking relief from the Court.

3. <u>Failure to Designate.</u> The failure to designate information as Protected Information shall not constitute a waiver of an assertion by the party producing the Protectable Information that the Protectable Information may later be subject to this order.

4. <u>Restrictions on the Disclosure of Protected Information.</u> Protected information may be disclosed only to "Qualified Recipients," who consist of (a) this Court and/or any appellate or other tribunal responsible for adjudicating claims related to this action, including their respective personnel, as well as court reporters; (b) counsel for the parties, including agency

counsel for defendants; (c) personnel regularly in the employ of counsel for the parties who have a need for the Protected Information in the performance of their duties in conjunction with this action; (d) parties to this action who have a need to review the Protected Information for the purposes of this case; (e) consultants and expert witnesses consulted, retained, or hired by any party to this litigation, only to the extent that they require Protected Information to elicit their expert report, opinion, testimony, and/or consultation regarding this litigation.

5. Permissible Uses of Protected Information. Qualified recipients shall use Protected Information received from another party or entity only for purposes of this litigation and shall not disclose Protected Information except as provided in paragraph 4. A party will not be restricted in its use or dissemination of the Protected Information that it produces in this case.

6. Agreement to Be Bound by Protective Order. Before receiving any Protected Information, Qualified Recipients, except those identified in sections (a) and (b) of paragraph 4 above, shall execute a copy of the Agreement to Be Bound by Protective Order in the form attached hereto (the "Agreement Form"). Counsel for the parties who received Protective Information from another party or entity shall maintain executed Agreement Forms for each person receiving Protected Information. Upon request of opposing counsel, counsel for a party shall produce any or all Agreement Forms in their possession.

7. Non-Waiver of Privilege and Objections to Privileged Information.

7(a). Purpose of this Section. The parties hereby seek to streamline discovery and ensure the efficient use of the parties' and judicial resources with regard to potentially privileged information produced in discovery by ensuring that disputes over privilege need not be resolved unless a party seeks to use potentially-privileged information in this litigation.

7(b). <u>Protection for Privileged Information (Other Than at Depositions).</u> The parties agree, and the Court orders, that disclosure of privileged information (including, but not limited to, doctor-patient privilege, attorney-client privilege, employer-employee privilege, and any other known or legally recognized privilege) in this litigation by Plaintiff Holloway or by non-parties to counsel for Defendants, their agents, personnel, contractors, or experts, the Court and its personnel, or to a court reporter shall not constitute waiver of any privilege in that information.

7(c). <u>Protection for Privileged Information (At Depositions).</u> The parties agree, and the Court orders, that disclosure of privileged information by Plaintiff Holloway at a deposition shall not constitute waiver of any privilege in that information, provided that objection to the question and answer is made prior to the completion of the deposition.

7(d). <u>Non-Waiver of Objections.</u> The parties agree, and the Court orders, that disclosure of information by Plaintiff Holloway or by non-parties in this litigation does not constitute waiver of any objections, including, but not limited to, relevance, hearsay, or privilege objections.

7(e). <u>Procedure for Use of Protected Information.</u> Three (3) days prior to the filing of any Protectable Information in this litigation, Defendants shall identify such information to Plaintiff Holloway. If Plaintiff Holloway objects to the use of such information, Defendants shall file such information under seal and highlight such information for the Court as "subject to discovery dispute." The parties shall then confer in a good-faith effort to resolve the dispute, and, if unable to resolve the dispute, shall present their positions to the Court in an appropriate manner for judicial resolution.

7(f). <u>Authorization for Under-Seal Filings.</u> The Court hereby grants leave for the parties to file disputed information under seal in this litigation pursuant to Section 7(d).

8. <u>The Return or Destruction of Protected Information.</u> Within 30 days of the termination of this civil action (including any appeals thereof), all Qualified Recipients, except those identified in paragraph 4(a) above, shall destroy or return all Protected Information in their possession, custody, or control, except Protected Information (i) that has been incorporated into the litigation case files of a Qualified Recipient, and (ii) the return or destruction of which would impair the integrity of those litigation case files.

9. <u>Scope of the Protective Order.</u> This Protective Order applies to information exchanged in discovery in this case and is necessarily limited in its scope in four respects.

9(a). This Protective Order does not constitute a ruling that any particular document or specific piece of information is properly discoverable or admissible.

9(b). This Protective Order does not require the production of privileged or otherwise protected information, and does not restrict the right of a party to assert appropriate privileges or protections to withhold information.

9(c). This Protective Order does not provide any right to any person who receives information in discovery to designate that information as Protected Information subject to this order; if a party wishes that information received in discovery be subject to some degree of protection, that party must seek that relief through separate motion.

9(d). This Protective Order does not alter the usual requirements for filing a document under seal. In the event that any party wishes to submit Protected Information to the

Court, such party shall follow the procedures prescribed by the Court, including obtaining leave of Court prior to filing any documents under seal.

10. <u>Modification.</u> Each party reserves the right to seek to modify the terms of the Protective Order at any time. Before doing so, however, counsel for party seeking to modify this Protective Order shall confer with counsel for all other parties to this action.

IT IS SO ORDERED, this 3RD day of November, 2017.

Hon. Christopher C. Conner
Chief Judge, U.S. District Court
Middle District of Pennsylvania

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND HOLLOWAY, JR., | : | Case No. 1:17-cv-00081-CCC |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Hon. Christopher C. Conner |
| | : | |
| JEFFERSON B. SESSIONS III, *et al.* | : | |
| | : | |
| Defendants. | : | |

## AGREEMENT TO BE BOUND TO PROTECTIVE ORDER

I, _____, hereby acknowledge that I have read and understand the provisions of the Protective Order entered in this action. Under the terms of the Order, I hereby agree to be bound by all the terms of the Order, including the following specific provisions:

1. I agree that I will use documents and information subject to the Order only for the purposes of this litigation, and not for any other purpose;

2. I agree that I will disclose documents and information subject to the Order only as specifically provided for in the Order;

3. I agree that I will not disclose information subject to this Order to any person other than: a person listed in paragraph 4 of the Order who, if required by the Order, has previously signed an Agreement to Be Bound to Protective Order.

1

4. I agree that I will maintain documents and information subject to the Order carefully so as to preclude access by persons who are not entitled to receive such documents and information;

5. I agree that any documents or information subject to this Order in my possession, custody, or control will be destroyed or returned to counsel for the party producing such documents or information within 30 days of the termination of this action (including any appeals thereof) as set forth in paragraph 7 of the Order;

6. I hereby confirm that my duties under this Agreement shall survive the termination of this action and are binding upon me even after final resolution of this action.

DATE:_____                              _____
                                                          (Signature)